**IT IS SO ORDERED AS MODIFIED**

/s/ James Ware
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VFS FINANCING, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>         vs.<br><br>SKF AVIATION, LLC, a California limited liability company; FREDERICK SCOTT SALYER, as an individual and trustee under the Scott Salyer Revocable Trust dated as of July 9, 1984,<br><br>                    Defendants. | No.: C 09-5603 JW<br><br>[PROPOSED] **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

This matter comes before the Court on the Application of Plaintiff, VFS Financing, Inc. ("VFS"), for Writ of Possession, Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (the "Application"). The Court having considered the Complaint and the exhibits attached thereto, the Application, the Declaration of Eric Notaro, and Plaintiff's Memorandum of Law in Support of the Application,

IT IS HEREBY PROVISIONALLY FOUND THAT:

1. Defendants, SKF Aviation, LLC ("SKF") and Frederick Scott Salyer ("Salyer"), individually and as trustee of the Scott Salyer Revocable Trust dated as of July 9, 1984 (the "Trust") (collectively, Salyer and the Trust are the "Guarantors"), are in default under: (1) the Promissory

1  Note dated July 17, 2007 made by SKF and delivered to VFS; (2) the Aircraft Security Agreement
2  dated July 17, 2007 between SKF and VFS; and (3) the Individual and Trust Guaranty dated
3  September 24, 2007 executed by Salyer, individually and as trustee of the Trust (collectively, the
4  "Agreements").

5        2.      VFS possesses, as security for the obligations referenced in the Agreements, a
6  security interest in the following aircraft:  one (1) Hawker Beechcraft; Model No.: (Baron) G58;
7  Serial No.: TH-2187; Registration No.: N887WA (pending change to N969SK); Engine make:
8  Teledyne Continental; Model No.: IO550C; Serial Numbers: 688291 and 688290; together with the
9  ancillary equipment and documents necessary for maintenance and operation (collectively, the
10 "Aircraft").

11       3.      The Agreements entitle VFS to repossess and remove the Aircraft in the event of
12 default by Defendants under the Agreements.

13       4.      To date, VFS has not reclaimed, and Defendants have not returned, the Aircraft.

14       5.      Defendants' defaults indicate that Defendants likely would be unable to pay any
15 substantial money judgment entered against it.

16       6.      Defendants have or should have dispatch, routing, and tracking systems which enable
17 it to identify the location and operational status of the Aircraft.

18       7.      VFS will suffer irreparable injury for which no adequate remedy at law exists unless
19 Defendants and other persons and firms having knowledge of this injunction are: (a) enjoined from
20 continuing to use the Aircraft; (b) ordered to advise VFS of the location of the Aircraft; and (c)
21 ordered to surrender the Aircraft to VFS.

22       Based on these provisional findings, the Complaint and exhibits attached thereto, the
23 Application, Memorandum of Law in Support of the Application, Declaration of Eric Notaro, and
24 the arguments made and authorities cited in the Application and the Memorandum of Law, IT IS
25 HEREBY ORDERED THAT:

26       1.      SKF and any of its responsible managing agents, officers, directors, or
27 employees (acting within the scope of their office or employment); Salyer, individually and
   trustee of the Trust; and any other person or firm having actual notice of this Temporary
28 Restraining Order are hereby enjoined and restrained, until expiration of this Temporary
   Restraining Order by its terms and any extension hereof, from using the Aircraft;

2. SKF and any of its responsible managing agents, officers, directors, or employees (acting within the scope of their office or employment); Salyer, individually and trustee of the Trust; and any other person or firm having actual notice of this Temporary Restraining Order are hereby ordered to immediately disclose the precise location of the Aircraft to VFS or to agents designated by VFS in order for VFS to reclaim same;

3. SKF and any of its responsible managing agents, officers, directors, or employees (acting within the scope of their office or employment); Salyer, individually and trustee of the Trust; and any other person or firm having actual notice of this Temporary Restraining Order are hereby ordered to immediately surrender the Aircraft to VFS, and forthwith take all actions necessary to allow VFS to obtain access to and possession of the Aircraft;

4. SKF shall immediately notify all of its responsible managing agents, officers, directors, and employees of the entry of this Temporary Restraining Order; and

5. This Temporary Restraining Order shall expire on **January 11, 2010** unless extended by further order of this Court.

## ORDER TO SHOW CAUSE

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

1. That Defendants shall show cause, unless Defendants waive their right to do so, before the Court on **January 11, 2010 at 9 a.m.** why an Order should not be entered granting VFS a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 for the pendency of this suit;

2. That Plaintiff shall serve this Temporary Restraining Order and Order to Show Cause on Defendants' counsel of record by **January 4, 2010.**

3. That Defendants' opposition papers, if any, shall be filed with the Clerk of this Court and electronically served on Plaintiff's counsel of record by **January 6, 2010.**

/ / / /

/ / / /

4. No reply papers are necessary unless otherwise ordered by the Court.

IT IS SO ORDERED.

Dated: December 21, 2009

_____
HONORABLE JAMES WARE
United States District Judge