*IT IS SO ORDERED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VFS FINANCING, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>SKF AVIATION, LLC, a California limited liability company; FREDERICK SCOTT SALYER, as an individual and trustee under the Scott Salyer Revocable Trust dated as of July 9, 1984,<br><br>            Defendants. | No.: C 09-5603 JW<br><br>**PRELIMINARY INJUNCTION** |

      On January 11, 2010, the Court held a hearing for Defendant SKF Aviation, LLC ("SKF" or "Defendant") to show cause why a Preliminary Injunction should not issue. Based on the pleadings, the moving papers submitted by Plaintiff VFS Financing, Inc. ("VFS"), the file in this action, and good cause appearing, the Court finds that:

      1.     Defendant, SKF is in default under: (1) the Promissory Note dated July 17, 2007 made by SKF and delivered to VFS; and (2) the Aircraft Security Agreement dated July 17, 2007 between SKF and VFS (collectively, the "Agreements").

      2.     VFS possesses, as security for the obligations referenced in the Agreements, a security interest in the following aircraft: one (1) Hawker Beechcraft; Model No.: (Baron) G58;

Serial No.: TH-2187; Registration No.: N887WA (pending change to N969SK); Engine make: Teledyne Continental; Model No.: IO550C; Serial Numbers: 688291 and 688290; together with the ancillary equipment and documents necessary for maintenance and operation (collectively, the "Aircraft").

3. The Agreements entitle VFS to repossess and remove the Aircraft in the event of default by Defendant under the Agreements.

4. To date, VFS has not reclaimed, and Defendant has not returned, the Aircraft.

5. Defendant's defaults indicate that Defendant likely would be unable to pay any substantial money judgment entered against it.

6. Defendant has or should have dispatch, routing, and tracking systems which enable it to identify the location and operational status of the Aircraft.

7. VFS will suffer irreparable injury for which no adequate remedy at law exists unless Defendant and other persons and firms having knowledge of this injunction are: (a) enjoined from continuing to use the Aircraft; (b) ordered to advise VFS of the location of the Aircraft; and (c) ordered to surrender the Aircraft to VFS.

Based on the pleadings, the moving papers submitted by Plaintiff VFS Financing, Inc. ("VFS"), the file in this action, and the arguments made at the hearing on January 11, 2010, IT IS HEREBY ORDERED THAT:

    1. SKF and any of its responsible managing agents, officers, directors, or employees (acting within the scope of their office or employment) are hereby enjoined and restrained, until expiration of this Preliminary Injunction by its terms and any extension hereof, from using the Aircraft;

    2. SKF and any of its responsible managing agents, officers, directors, or employees (acting within the scope of their office or employment) and any other person or firm having actual notice of this Preliminary Injunction are hereby ordered to immediately disclose the precise location of the Aircraft to VFS or to agents designated by VFS in order for VFS to reclaim the Aircraft;

    3. SKF and any of its responsible managing agents, officers, directors, or employees (acting within the scope of their office or employment) and any other person or firm having actual notice of this Preliminary Injunction are hereby ordered to immediately surrender the Aircraft to VFS, and forthwith take all actions necessary to allow VFS to obtain access to and possession of the Aircraft;

     4.    SKF shall immediately notify all of its responsible managing agents, officers, directors, and employees of the entry of this Preliminary Injunction;

     5.    This Preliminary Injunction shall remain in effect throughout the pendency of this suit and until further Court Order; and

     6.    VFS shall not be required to post a bond because there is a strong likelihood VFS will succeed on the merits, there is no likelihood of harm to Defendant as a result of this Preliminary Injunction, and the balance of the potential hardships resulting from this Preliminary Injunction weighs overwhelmingly in favor of VFS.

**IT IS SO ORDERED.**

Dated:  January 13, 2010

_____
JAMES WARE
United States District Judge